Ortiz Carrión, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El señor Rubén González Vargas solicita la revisión de una resolución en la cual se le denegó una *1144 moción para dejar sin efecto una sentencia en rebeldía dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Toa Alta, donde se declara con lugar la demanda de cobro de dinero incoada contra él por la Cooperativa de Ahorro y Crédito Comunal de Dorado, "Cooperativa". El Sr. González tituló su recurso como apelación, sin embargo se solicita la revisión de una resolución, no de una sentencia, por lo que propiamente se trata de un certiorari y así procedemos a considerarlo.
El señor González plantea que el tribunal a quo erró al declarar no ha lugar su moción de relevo de sentencia, a pesar de que alega tener defensas válidas que deben ser adjudicadas en los méritos.
Para atender la cuestión planteada tomamos conocimiento judicial sobre los autos del caso, los cuales fueron elevados en el trámite de la apelación del caso KLAN-95-00178, presentada por otro de los demandados en el caso ante el tribunal de instancia, la cual está también ante la consideración de este panel.
I
De los autos, surge que el 6 de abril de 1994 la Cooperativa presentó una demanda en cobro de dinero contra el Sr. González; el Sr. Angel Gerena Ríos; su esposa Carmen I. Figueroa; la sociedad legal de gananciales constituida por ambos; y contra el Sr. David Figueroa Molina. El Sr. González fue emplazado el 19 de abril de 1994.
El 21 de octubre de 1994, la Cooperativa presentó una moción para que se anotara la rebeldía y se dictara sentencia contra el Sr. González por haber transcurrido el término fijado por ley para contestar la demanda sin que éste hubiese comparecido a formular alegación alguna. La Cooperativa acompañó dicha moción con una declaración jurada para sostener sus alegaciones bajo juramento.
De tal modo, el 4 de noviembre de 1994, el tribunal a quo dictó sentencia en rebeldía de acuerdo a lo dispuesto por la Regla 45.1 de las de Procedimiento Civil dicha sentencia fue notificada el 10 de noviembre de 1994.
El 15 de febrero de 1995, el Sr. González compareció ante el tribunal a quo mediante moción para que se deje sin efecto la sentencia, junto a la cual acompañó una contestación a la demanda. En su moción el Sr. González alegó que no recuerda haber sido emplazado en el caso de autos, sin embargo, no cuestionó el mismo, ni la jurisdicción del tribunal sobre su persona. Además, alegó que en la contestación que acompañó a dicha moción se incluyen defensas afirmativas de prescripción, cosa juzgada y violación al Reglamento. El tribunal a quo denegó esa moción, mediante la resolución cuya revisión se solicita, emitida el 28 de febrero de 1995 y notificada el 23 de marzo de 1995. El Sr. González recurre de esa resolución.
II
La sentencia en rebeldía está regulada por la Regla 45 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Este vehículo procesal se establece con el propósito de evitar las dilaciones indebidas en el trámite de los casos, y la consecuente congestión en los calendarios de los tribunales. Sin embargo, el Tribunal Supremo de Puerto Rico ha resuelto que esta Regla debe aplicarse restrictivamente y cualquier duda debe ser resuelta a favor de quien solicita que se deje sin efecto una anotación de rebeldía o una sentencia, de manera que el caso se adjudique en sus méritos. Díaz v. Tribunal Superior, 93 D P.R. 79 (1966), Neptune Packing v. Wackenhut, 120 D.P.R. 283 (1988). Además, el Tribunal Supremo ha establecido que al determinar si se deja sin efecto una sentencia en rebeldía deben tomarse en cuenta las defensas afirmativas que ésta alega.

"Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado. Con más razón cuando el trámite del caso demuestra que la apertura no ocasiona perjuicio alguno."

Junta de Relaciones del Trabajo v. Missy Manufacturing Corp., 99 D P.R 805 (1971); Fine Art Wall Paper v. Wolff, 102 D.P.R. 451 (1974); Banco Central v. Gelabert, 92 J.T.S. 150.
En el caso de autos, surge de la demanda que el Sr. González es garantizador de la deuda que la *1145 Cooperativa reclama por lo que no tenía en su poder los documentos necesarios para defenderse de tal reclamación. Junto a su moción para dejar sin efecto la sentencia en rebeldía, el Sr. González acompañó una contestación en la que incluye varias defensas afirmativas que de prosperar le eximirían de responsabilidad en el caso. Por otra parte, en el caso KLAN-95-00178 este Tribunal dictó Sentencia en la cual se ordena la reapertura del caso CD94-513 con relación a otro demandado contra quien se dictó sentencia en rebeldía. De este modo, una orden de reapertura del caso de autos, no le ocasionaría ningún perjuicio especial de por sí a la Cooperativa, a menos que las defensas afirmativas que se incluyen en la contestación no sean válidas y la solicitud de reapertura sea temeraria.
Sin embargo, el hecho de que este Tribunal ordene la reapertura de este caso a base de las alegaciones hechas por el apelante, no deberá ser obstáculo para que si el tribunal a quo, luego de adjudicar el caso en sus méritos, determina que no existen defensas afirmativas válidas y la solicitud de reapertura resulta ser temeraria, imponga en su sentencia una suma por concepto de honorarios de abogado, en adición a los pactados, el interés legal desde que haya surgido la causa de acción según disponen las Reglas 44.1 (d) y 44.3(b) de las de Procedimiento Civil, más una sanción económica a favor del Estado Libre Asociado por conducta constitutiva de demora en perjuicio de la eficiente administración de la justicia según lo autoriza la Regla 44.2 de las de Procedimiento Civil.
Por los fundamentos anteriormente expuestos, se expide el auto de certiorari, se deja sin efecto la sentencia dictada en rebeldía y se devuelven los autos del caso al tribunal a quo para que continúe con los procedimientos, advertido el apelante de las consecuencias que puede acarrear si su solicitud de reapertura del caso resulta ser temeraria.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General