Pabón Chameco, Jueza Ponente
*953 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Pan American Financial Corp., en adelante, la peticionaria, solicitando la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala de Guaynabo. Mediante dicho dictamen, el tribunal a quo denegó una solicitud de desestimación de demanda instada por la peticionaria.
Por los fundamentos que esbozamos a continuación, y atendiendo los hechos particulares que nutren esta causa, se expide el auto solicitado y se confirma la Resolución recurrida.
'i
Conforme surge del recurso ante nuestra consideración, el 15 de octubre de 2001, Nolian Díaz Díaz, en adelante, el recurrido, interpuso una demanda sobre cobro de dinero contra la peticionaria, Caso Civil Núm. D2CD-2001-0532.
Trabada la controversia entre las partes, y luego de comenzado el descubrimiento de prueba, el 3 de enero de 2003, el tribunal a quo emitió una Orden de Mostrar Causa al recurrido por la cual no debía desestimarse la demanda por inactividad durante cuatro (4) meses. Mediante moción del 30 de enero de 2003, el recurrido expuso las razones justificativas de la alegada inactividad. 
No obstante ello, el tribunal a quo había señalado vista sobre el estado de los procedimientos para el día 23 de enero de 2003. A dicha audiencia no compareció el recurrido ni su abogado, a pesar de ser debidamente notificados. El foro sentenciador interpretó dicha incomparecencia como un incumplimiento a la Orden antes emitida y “falta de interés en litigar.” Id., a la pág. 13. Consecuentemente, el 12 de marzo de 2003, dictó Sentencia desestimando la demanda al amparo de la Regla 39.2 (a) de las de Procedimiento Civil. Id., págs. 13-14. 
Así las cosas, el 3 de julio de 2003, el recurrido presentó una “Moción Solicitando el Relevo de la Sentencia”. Posteriormente, mediante “Moción Urgente” presentada el 6 de octubre de 2003, el representante legal del recurrido informó al tribunal de instancia que no había solicitado reconsideración a la Sentencia por alegadamente encontrarse enfermo.
Mediante Resolución emitida el 27 de octubre de 2003, el Tribunal de Primera Instancia denegó la solicitud de relevo de sentencia, aduciendo que el recurrido “[n]o acompañó evidencia alguna ni en esta (moción urgente) ni en la Moción de 3 de julio (de 2003)”. Id., a la pág. 35.
El 30 de diciembre de 2003, el recurrido incoó la demanda de autos. La peticionaria presentó alegación responsiva. En al misma, levantó la defensa de cosa juzgada. Posteriormente, la peticionaria interpuso escrito titulado “Moción Solicitando Desestimación por ser de Aplicación la Defensa de Cosa Juzgada en su Modalidad de Impedimento Colateral por Sentencia”. El recurrido presentó debida oposición. Argüyó que la Sentencia dictada en el caso anterior había sido contraria a derecho, toda vez que privó al litigante de su día en corte. Id., a la pág. 22.
El 13 de octubre de 2004, el Tribunal de Primera Instancia dictó Resolución mediante la cual denegó la solicitud de desestimación presentada. En síntesis, el tribunal a quo razonó que, a pesar de que en el primer caso el recurrido no había presentado evidencia de la negligencia excusable en la que fundamentó su solicitud de relevo de sentencia, en el caso de autos sí se había presentado tal evidencia. Por tal razón, el tribunal a quo no le reconoció finalidad a la desestimación efectuada en el primer caso bajo la Regla 39.2 (a) de las de *954 Procedimiento Civil. Id., a las págs. 3-5.
El 25 de octubre de 2004, la peticionaria solicitó reconsideración a dicho dictamen, la cual fue denegada mediante Resolución del 26 de octubre de 2004, notificada el 10 de noviembre de 2004.
Inconforme ante tal determinación, la peticionaria acude ante nos. Procedemos a resolver.
II
En su escrito, la peticionaria plantea que incidió el Tribunal de Primera Instancia al denegar la moción de desestimación y la solicitud de reconsideración, abusando de su discreción en la aplicabilidad de la doctrina de Banco de la Vivienda v. Carlos Ortiz, 130 D.P.R. 730 (1992); al dictar sentencia en el caso anterior por falta de interés en litigar, determinando ahora que dicho caso no tiene el carácter de final o con peijuicio como apunta la doctrina de Fine Art Wallpaper v. Wolf, 102 D.P.R. 451 (1974), cuando son situaciones distintas en cada caso.
III
En nuestro ordenamiento procesal, los tribunales tienen la facultad discrecional para desestimar una demanda o eliminar las alegaciones de una parte. Dicha autoridad la confiere, entre otras, la Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. m, la cual contempla diferentes situaciones en las que es permisible la desestimación de la demanda. El precepto en cuestión reza de la siguiente forma:

“(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él.

(b) El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

El juez administrador dictará una orden en todos dichos asuntos, requiriendo a las partes para que, dentro del término de diez (10) días de su notificación por el secretario, expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

(c) [...] A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos. ”

Se colige del inciso (a) de la Regla 39.2, que la desestimación constituye una sanción por el incumplimiento de una parte a las órdenes del tribunal. Ahora bien, entre las sanciones contenidas en las Reglas de Procedimiento Civil, tales como la eliminación de las alegaciones de una parte por el tribunal o la imposición de cualquier otra sanción sumamente drástica, es norma asentada que sólo debe hacerse en casos extremos, cuando el tribunal no albergue duda alguna de la “irresponsabilidad y contumacia de la parte contra quien se toman medidas drásticas”. Amaro González v. First Fed. Savs., 132 D.P.R. 1042, 1051-1052 (1993).
El Tribunal Supremo ha puntualizado que dicho ejercicio requiere un balance delicado, y a la vez difícil, entre velar porque los casos se ventilen sin demora y el derecho que le asiste a todas las partes de tener su día en corte. Mun. de Arecibo v. Almac. Yakima, res. el 6 de junio de 2001, 2001 J.T.S. 82; Ghigtiotti v. A.S.A., 149 D.P.R. 902 (1999); Arriaga v. F.S.E., 145 D.P.R. 122 (1998); Amaro González v. First Fed. Savs., supra.
No obstante, al sopesar los derechos en discusión, la balanza ha de inclinarse siempre a favor del derecho de *955 todo litigante a que sus reclamos se ventilen en los méritos, puesto que nuestro ordenamiento procesal tiene como razón de ser el hacer justicia y promover la resolución de los pleitos en sus méritos. Maldonado v. Recursos Naturales, 113 D.P.R. 494 (1982).
En Dávila v. Hosp. San Miguel Inc., 117 D.P.R. 807, 814 (1986), el Tribunal Supremo señaló lo siguiente:
“[fijemos resuelto que cuando un tribunal determina que una situación creada por un abogado amerita la imposición de sanciones, antes de privar a una parte de su día en corte, se debe imponer las mismas a éste como primera alternativa. El fundamento para no imponer sanciones drásticas al cliente es que de ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. ” Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823, 830 (1985).
Es por ello que nuestra Jurisprudencia ha enfatizado la importancia de tomar las medidas menos onerosas. Al respecto, en Maldonado v. Recursos Naturales, supra, se argüyó lo siguiente:

“Es cierto que en Díaz v. Tribunal Superior, (citas omitidas) dijimos que {Por regla general, y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado}, norma general que en el día de hoy ratificamos.

[...]

No hay duda de que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente.
Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. ” Véase, además, Mun. de Arecibo v. Almacenes Yakima del Atlántico, Inc., supra.
De otra parte, según dispuesto por el inciso (c) de la Regla 39.2, supra, el efecto de la desestimación bajo dicha Regla constituye una adjudicación en los méritos, lo cual constituirá cosa juzgada en un pleito posterior. Al respecto, véase la interpretación que sobre dicho efecto se hace bajo el inciso (b) de la citada Regla en los casos Banco de la Vivienda v. Carlo Ortiz, 130 D.P.R. 730, 738 (1992); Costas Purcell v. Tribunal Superior, 88 D.P.R. 10, 17-18 (1963); y Sucn. Rosario v. Sucn. Cortijo, 83 D.P.R. 678, 684 (1961).
La defensa de cosa juzgada se basa en consideraciones de orden público y de necesidad procesal que impiden relitigar lo litigado en una causa anterior. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 221 (1992); Zambrana v. Tribunal Superior, 100 D.P.R. 179, 181 (1971). Tanto la doctrina de la cosa juzgada o res judicata, como su modalidad de impedimento colateral por sentencia, se fundamentan en el interés del Estado de que se le ponga fin a los litigios, y en la deseabilidad de que no se someta a un ciudadano a las molestias que supone litigar la misma causa en más de una ocasión. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 762 (1981).
El ámbito de aplicación de la figura, según se conoce, está expresamente delineado por el Art. 1204 del Código Civil, 31 L.P.R.A. §3343. Conforme a dicho precepto, se requiere la concurrencia de “(l)a más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron”. Véase, *956 además, Fatach v. Tuple S, Inc., 147 D.P.R. 882, 1889 (1999); Aponte v. Román, 145 D.P.R. 477, 490 (1998); Rodríguez Rodríguez v. Colberg Comas, supra.
En cuanto al ámbito operativo de la doctrina, se apunta que la sentencia dictada en un pleito anterior impide que se litiguen, en un pleito posterior, entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquéllas que pudieron haber sido litigadas y adjudicadas con propiedad, en la acción anterior. Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732-733 (1978); Mercado Riera v. Mercado Riera, supra; Isaac Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372, 382 (1967); Capó Sánchez v. Srio. de Hacienda, 92 D.P.R. 837, 839 (1965); Riera v. Pizá, 85 D.P.R. 268, 274 (1962).
A su vez, el Tribunal Supremo de Puerto Rico también ha reconocido el impedimento colateral por sentencia como una modalidad de la cosa juzgada, en la cual no resulta necesaria la identidad de causas. El impedimento colateral por sentencia aplica cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final, y tal determinación es concluyente en un segundo pleito entre las mismas partes. Fatach v. Triple S, Inc., supra; Acevedo v. Western Digital Caribe, Inc., 140 D.P.R. 452 (1996); Rodríguez Rodríguez v. Colberg Comas, supra; A & P Gen. Contractors v. Asoc. Caná, supra; véase, Aponte v. Román, supra.
Distinguiéndose de la doctrina de la cosa juzgada —donde las partes no pueden relitigar las cuestiones previamente litigadas y resueltas, así como las que se pudieron haber litigado — , la doctrina de impedimento colateral solamente precluye del ámbito de relitigación aquellas cuestiones que efectivamente fueron controvertidas en el primer proceso.
No obstante lo anterior, el Tribunal Supremo ha rechazado consistentemente “la aplicación automática de la doctrina de cosa juzgada; en especial, la que surte como efecto de una desestimación por inactividad, entre otras, por la política judicial de que los casos se ventilen en sus méritos. Cuando los fines de la justicia lo han requerido, hemos intervenido para permitirle a una parte reivindicar sus derechos o que se diluciden las controversias en los méritos”. (Citas omitidas). Banco de la Vivienda v. Carlo Ortiz, supra, a la pág. 739.

TV

En el caso de autos, nos corresponde analizar si se dan los elementos de la doctrina de cosa juzgada que impediría al recurrido volver a presentar la demanda que fuera desestimada a tenor con la Regla 39.2 (a) de Procedimiento Civil, supra. De entrada, debemos señalar que una aplicación automática de las normas de derecho antes esbozadas, nos llevaría forzosamente a contestar en la afirmativa, dándole así la razón a la peticionaria. Sin embargo, en el ejercicio de nuestra función revisora, tenemos como norte lo resuelto reiteradamente por el Tribunal Supremo de Puerto Rico:
“[a]l interpretar las Reglas de Procedimiento Civil, hay que tener presente, como principio rector, que éstas no tienen vida propia y sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal deberá hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y económica de la controversia. ” (Énfasis en el original.) Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 816 (1986). Véase, además, Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. HI. ”

Mun. de Arecibo v. Almacenes Yakima, supra.

Según discutido anteriormente, el Art. 1204 del Código Civil, supra, señala que es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. En el presente caso, no cabe duda de que se *957 dan todos los elementos de la doctrina de cosa juzgada.
Sin embargo, la jurisprudencia ha reiterado que la aplicación de esta defensa debe efectuarse cuidadosamente, toda vez que la política judicial favorece que los casos se ventilen en los méritos. Por ende, debemos analizar si las circunstancias acaecidas en el caso que provoca la defensa de cosa juzgada ameritan la imposición mecánica de dicha defensa o se justifica otra determinación en aras de la justicia. Veamos.
Comencemos apuntando que el 3 de enero de 2003, el Tribunal de Primera Instancia emitió una Orden de Mostrar Causa por la cual no debía desestimar la primera demanda por inactividad durante cuatro (4) meses y no luego de los seis (6) meses conforme el inciso (b) de la Regla 39.2, supra.
En segundo término, aun cuando no contamos aquí con jurisdicción apelativa sobre la Sentencia dictada el 12 de mayo de 2003 por el Tribunal de Primera Instancia, es menester aquí considerar algunos aspectos de su trámite anterior. Estamos conscientes de que el foro de instancia también los tomó en consideración en la bien fundamentada Resolución y Orden del 13 de septiembre de 2004 y 26 de octubre de 2004, de las que se recurre vía el certiorari del epígrafe.
El tribunal a quo obvió la comparecencia del recurrido mediante moción presentada el 30 de enero de 2003. Conforme citado, el recurrido explicó que las partes estaban envueltas en el descubrimiento de prueba, e incluso, llamó a la atención del tribunal, el hecho de que, a dicha fecha, la peticionaria no había contestado un interrogatorio notificado por el recurrido.
. Ciertamente, la moción fue presentada tardíamente; sin embargo, la Regla 39.2 (b), supra, dispone expresamente que no se ordenará la desestimación de la demanda, a menos que se justifique oportunamente la inactividad. No puede concluirse que el tribunal no acogió oportunamente dicha moción, si consideramos que la Sentencia de desestimación no se suscribió, sino hasta el 12 de marzo de 2003.
En tercer lugar, no albergamos duda que, a la luz de la doctrina esbozada en los casos de Dávila v. Hosp. San Miguel Inc, supra, Maldonado v. Recursos Naturales, supra, y Mun. de Arecibo v. Almac. Yakima, la Sentencia de desestimación constituyó una sanción drástica. A pesar de que el demandante [recurrido] ni su abogado comparecieron a la vista sobre el estado de los procedimientos y a tal fecha (15 de noviembre de 2004), la causa ya tenía tres (3) años de trámite, procedía, en primer término, imponer una sanción económica al abogado del demandante [recurrido]. Lo anterior, aun cuando, en un principio, el Tribunal de Primera Instancia entendió que la incomparecencia implicaba “falta de interés en litigar”.
En cuarto lugar, luego de que el tribunal dictara la Sentencia el 12 de marzo de 2003, el recurrido presentó, oportunamente, una moción solicitando el relevo de los efectos de dicha sentencia, al palio de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. HI.
La Regla 49.2 de las de Procedimiento Civil, supra, en lo pertinente, dispone lo siguiente:

“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia.

(2) Descubrimiento de evidencia esencial.

(3) Fraude intrínseco o extrínseco, falsa representación u otra conducta impropia de una parte adversa.

*958
(4) Nulidad de sentencia.

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella.

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

[.■■I”.

Este remedio es uno extraordinario discrecional utilizado para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. Vázquez Ortiz v. López Hernández, res. el 25 de noviembre de 2003, 2003 J.T.S. 174; Ríos v. Tribunal Superior, 102 D.P.R. 793 (1974).
Al evaluar una moción de relevo de sentencia bajo la Regla 49.2 de las de Procedimiento Civil, supra, el tribunal debe hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo error, inadvertencia, sorpresa, negligencia excusable, o si sería equitativo que la sentencia continuara en vigor, o existe cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia. Vázquez Ortiz v. López Hernández, supra.
Además, el tribunal tiene el deber de tomar en consideración ciertos criterios inherentes a la Regla, entre éstos: si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud de relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. Reyes v. E.L.A., res. el 7 de diciembre de 2001, 2001 J.T.S. 171; Pardo Santos v. Sucesión Stella, 145 D.P.R. 816 (1998).
Oportunamente, el abogado del recurrido solicitó el relevo de la sentencia, aduciendo que por condiciones de salud, le asistía la causal de negligencia excusable que hacía permisible dejar sin efecto el dictamen en cuestión. No obstante, el tribunal denegó dicha solicitud por el sólo hecho de que no se había acompañado evidencia de la condición médica. Somos de opinión que el foro sentenciador debió requerir por escrito tal documento o convocar una vista para intimar, no sólo a la parte, sino a su abogado, a que demostrara la alegada negligencia excusable. Siendo dicha negligencia imputable únicamente al abogado, el tribunal debió sopesar que, si no era cierta tal alegación, la sanción debía dirigirse al abogado y no al recurrido.
Además de ello y conforme a la jurisprudencia, el Tribunal de Primera Instancia debía entonces ponderar si el recurrido tenía una buena defensa en los méritos y el grado de perjuicio, si alguno, que se le causaba a la otra parte. Sin adjudicar aquí los méritos de la demanda, de la faz de la misma surge que el recurrido tiene una causa de acción por cobro de dinero contra la peticionaria, quien alegadamente se comprometió a gestionar un financiamiento a favor del recurrido a cambio de la cantidad reclamada. Tales alegaciones merecen ser adjudicadas por el Tribunal de Primera Instancia.
Por ende, concurrimos aquí totalmente con el criterio del Tribunal de Primera Instancia, expuesto en su bien analizada Resolución y Orden del 13 de septiembre de 2004, aquí recurrida, y somos de opinión que, a la luz del tracto procesal así como los hechos objeto de la demanda D2CD2001-0232, impiden que sea de aplicación automática la defensa de cosa juzgada. Lo anterior, máxime cuando es norma en esta jurisdicción que:

“Hay que mantener presente, sin embargo, que este Tribunal ha rechazado la aplicación automática de la doctrina de cosa juzgada; en especial, la que surte como efecto de una desestimación por inactividad, entre otras, por la polítjca judicial de que los casos se ventilen en sus méritos. Cuando los fines de la justicia en un caso lo han requerido, hemos intervenido para permitirle a una parte reivindicar sus derechos o que se diluciden las controversias en los méritos.” (Citas omitidas)

*959 Banco de la Vivienda v. Carlos Ortiz, supra, a la pág. 739.
Finalmente, no debemos disponer del recurso ante nos, sin atender el planteamiento argüido por la peticionaria. En su escrito, la peticionaria sostiene que el Tribunal de Primera Instancia incidió al no aplicar la norma desarrollada en el caso Fine Art Wallpaper v. Wolf, supra. Su apreciación de dicho caso es completamente distinguible al caso ante nos.
En dicha decisión, el Tribunal Supremo resolvió que:

“[c]omo norma general, cuando un demandado haya dejado de comparecer a un señalamiento sin que aparezca en el récord razones que justifiquen o expliquen tal incomparecencia, como sucedió en este caso, el tribunal debe continuar la vista con la prueba del demandante y dictar sentencia como corresponda. De la misma manera, debe desestimar la demanda cuando es el demandante el que sin aducir razones no comparece a un señalamiento. ”

Fine Art Wallpaper v. Wolf, supra, pág. 457.
Tales pronunciamientos fueron consecuencia inexorable de los hechos acaecidos en dicho caso. Según la decisión, el caso se trataba de una “simple acción de cobro de dinero” objeto de una demanda presentada hacía más de cinco (5) años. Id., a la pág. 454. El tracto procesal estuvo matizado por “un trámite penosamente prolongado por múltiples suspensiones”. Id. Dichas suspensiones no eran de señalamiento del estado procesal, sino de la vista en los méritos.
En el caso ante nuestra consideración, no mediaron repetidas suspensiones que provocaran la dilación innecesaria del caso. Tampoco estaba pautada la vista en los méritos. Todo lo contrario, se trató de una primera incomparecencia para la cual el tribunal tenía a su haber la posibilidad de imponer sanciones económicas antes de desestimar la demanda. Por lo tanto, los hechos del caso citado por la peticionaria son totalmente distinguibles del caso de autos.
De otra parte, la peticionaria alega que el tribunal a quo incidió al aplicar la doctrina del caso Banco de la Vivienda v. Carlo Ortiz, supra. A pesar de que la discusión de dicho caso estuvo centrada en la aplicación del inciso (b) de la Regla 39.2, supra, es norma establecida que nuestra función revisora se da contra la Sentencia y no contra sus fundamentos. Pueblo v. Pérez Rodríguez, res. el 23 de mayo de 2003, 2003 J.T.S. 96; Asoc. Pescadores Punta Figueras, Inc. v. Marina Puerto del Rey, res. el 18 de diciembre de 2001, 2002 J.T.S. 4; Pérez v. Criado Amunategui, res. el 19 de junio de 2000, 2000 J.T.S. 105.
Por consiguiente, y teniendo en consideración lo antes resuelto, resulta innecesario discutir este aspecto del señalamiento de error planteado por la peticionaria.
V
Por los fundamentos que anteceden, se expide el auto de certiorari solicitado y se confirman la Resolución y Orden del 13 de septiembre de 2004 y 26 de octubre de 2004, aquí recurridas.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones Interina.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
*960 ESCOLIOS 2005 DTA 34
1.Surge del escrito:
2. Que el 3 de septiembre, la Parte Demandante [recurrida] le envió un interrogatorio a la Parte Demandada [peticionaria] el cual no ha contestado ni ha solicitado prórroga para el mismo.

3. Que el 10 de enero de 2003, la Parte Demandante [recurrida] envió a este Honorable Tribunal una Moción Informativa sobre el interrogatorio enviado y una solicitud de vista sobre el estado de los procedimientos.

4. Que la Parte Demandante [recurrida] solicita que se le concedan diez (10) días improrrogables a la Parte Demandada [peticionaria] para contestar el interrogatorio que le fue enviado o se le impongan sanciones.

Véase, Apéndice de la Petición, a la pág. 27.
2. A pesar de la Sentencia recaída, el 24 de marzo de 2003, el recurrido interpuso escrito intitulado “Moción” en la que solicitó que la peticionaria le entregara a éste el dinero objeto de la demanda desestimada.
3. La referida evidencia es una carta suscrita por el psiquiatra Juan J. Fumero Pérez del 24 de enero de 2003, en la que indica que, desde el 18 de octubre de 2002, el entonces abogado del recurrido, licenciado Félix Rodríguez Mejía, se encontraba incapacitado de realizar labor productiva de manera diligente por una condición crónica de depresión. Id., a la pág. 25.