Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| RUBÉN A. MIRANDA MERCADO POR SÍ Y COMO INTEGRANTE DE LA SUCESIÓN DE RICARDO MIRANDA Y BERNARDA MERCADO, SONIA I. ACEVEDO PÉREZ Y LA SOCIEDAD LEGAL DE GANANCIALES Y OTROS<br><br>Peticionarios<br><br>v.<br><br>CORPORACIÓN PÚBLICA PARA LA SUPERVISIÓN Y SEGURO DE COOPERATIVAS DE PUERTO RICO (COSSEC) Y OTROS<br><br>Recurridos | KLCE202500403 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br>Caso núm.: SJ2024CV10540<br><br>Sobre: Cobro de Dinero-Ordinario y otros |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de mayo de 2025.

Comparecen ante este Tribunal de Apelaciones, el Sr. Rubén A. Miranda Mercado –por sí y como integrante de la Sucesión de Ricardo Miranda y Bernarda Mercado–, la Sra. Sonia I. Acevedo Pérez y la Sociedad Legal de Bienes Gananciales por ambos compuesta (parte peticionaria), y nos solicitan la revisión de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 18 de febrero de 2025, notificada el 21 de febrero siguiente. Adicionalmente, la parte peticionaria solicita la revisión de la *Orden* dictada por el TPI, Sala Superior de Aguada, el 11 de marzo de 2025, notificada el 13 del mismo mes y año. En

Número Identificador
RES2025_____

virtud de la primera, el foro primario devolvió el caso de epígrafe a la sala con competencia para atender el mismo, a saber, la Sala Superior de Aguada. De otro lado, mediante la segunda, el tribunal *a quo* declaró No Ha Lugar a la solicitud de relevo presentada por la parte peticionaria.

Por los fundamentos que exponemos a continuación, desestimamos el presente recurso de *certiorari* por falta de jurisdicción.

**I.**

El 13 de noviembre de 2024, la parte peticionaria presentó una demanda sobre cobro de dinero, daños y perjuicios, ejecución de hipoteca, expediente de dominio, interdicto permanente, nulidad de sentencia y sentencia declaratoria, contra la Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico (COSSEC), la Cooperativa de Ahorro y Crédito de Rincón (Coop. Rincón), Sigberto Miranda Mercado, César A. Miranda Mercado y otros (en conjunto, parte recurrida).[1] La demanda fue radicada en la Sala Superior de San Juan.

Tras varias incidencias procesales, Coop. Rincón presentó una *Moción en Solicitud de Traslado del [C]aso a la Sala con Competencia.*[2] Por medio de esta, adujo que la propiedad objeto del pleito ubicaba en el pueblo de Aguada. Asimismo, indicó que su centro de operaciones y oficina principal se encontraban en el pueblo de Rincón. Ante ello, solicitó que el caso fuese trasladado a la Región Judicial de Aguadilla.

El 19 de diciembre de 2024, notificado al próximo día, el foro primario, Sala Superior de San Juan, declaró *Ha Lugar* a la solicitud de traslado.[3]

---

[1] Véase, Apéndice del Recurso, a las págs. 1-27.
[2] *Íd.*, a las págs. 28-30.
[3] *Íd.*, a las págs. 43-45.

En desacuerdo, el mismo 20 de diciembre de 2024, la parte peticionaria presentó una *Reconsideración a Orden de Traslado*.[4] A grandes rasgos, adujo que la Sala Superior de San Juan sí tenía competencia para atender el caso. En detalle, expuso que el ordenamiento jurídico permitía instar una causa de acción contra una corporación en cualquier distrito donde esta hiciera negocios.

El 27 de diciembre de 2024, notificada ese mismo día, la Sala Superior de San Juan emitió una *Resolución Interlocutoria* declarando *No Ha Lugar* a la solicitud de reconsideración.[5] Ante ello, en esa misma fecha, la parte peticionaria presentó un escrito mediante el cual informó sobre su intención de presentar un recurso de *certiorari* ante este foro apelativo.[6]

No obstante, tras otras varias incidencias procesales, el 18 de febrero de 2025, notificada el 21 de febrero siguiente, el TPI emitió la *Resolución* recurrida.[7] En virtud de esta, resolvió que había transcurrido el término para presentar el recurso de *certiorari* sin que ello hubiese ocurrido, por lo que la *Resolución* emitida el 19 de diciembre de 2024, notificada al próximo día, había advenido final y firme. Así pues, concluyó que procedía el traslado del caso a la sala con competencia, a saber, la Sala Superior de Aguada.

Así las cosas, el 9 de marzo de 2025, la parte peticionaria presentó una *Moción de Relevo de Resoluciones sobre Traslado de este Caso*.[8] En esencia, insistió en que el tribunal de San Juan era la sala con competencia para atender su reclamo. A esos efectos, arguyó que tanto la *Resolución* declarando No Ha Lugar a su solicitud de reconsideración en cuanto al traslado, como la

---

[4] *Íd.*, a las págs. 91-95.
[5] *Íd.*, a las págs. 147-148.
[6] Véase, Expediente Electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 29.
[7] Véase, Apéndice del Recurso, a las págs. 202-204.
[8] *Íd.*, a las págs. 205-213.

*Resolución* notificada el 21 de febrero de 2025, eran nulas *ab initio*. En vista de ello, solicitó que se le relevara de estas.

El 11 de marzo de 2025, notificada el 13 de marzo siguiente, el foro primario emitió la *Orden* recurrida declarando *No Ha Lugar* a la moción de relevo.

En desacuerdo, el 29 de marzo de 2025, la parte peticionaria presentó un escrito intitulado *Moción de Inhibición Motu Proprio del Honorable Juez que Preside el Caso de Epígrafe, Moción de Reconsideración de Oposición a Traslado y de la Denegatoria de Nulidad de Traslado y de Oposición a Desestimación.*[9] En cuanto a la solicitud de reconsideración, en esencia, la parte peticionaria reprodujo los mismos argumentos incluidos en su solicitud de relevo.

Todavía inconforme, la parte peticionaria presentó el recurso que nos ocupa imputándole al TPI haber cometido los siguientes errores:

> A.  ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL REFERIR ESTE CASO A LA SALA SUPERIOR DE AGUADA PARA QUE ASUMA COMPETENCIA DE ESTE CASO, ADUCIENDO QUE LA PROPIEDAD OBJETO DE ESTE PLEITO, ASÍ COMO LA SEDE DE COOP RINCÓN SE HALLAN EN LA REGIÓN JUDICIAL QUE PERMITEN A DICHA SALA SUPERIOR ASUMIR LA COMPETENCIA EN ESTE CASO; CUANDO ESTE CASO SE TRATA DE PROPIEDADES Y COOPERATIVAS A LO LARGO Y LO ANCHO DE TODO PUERTO RICO.
>
> B.  ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL RECHAZAR LA ARGUMENTACIÓN VERTIDA POR LA PARTE RECURRENTE QUE AVALAN EN DERECHO EL QUE LA COMPETENCIA DE ESTE CASO LA OSTENTE LA SALA SUPERIOR DE SAN JUAN. EN TANTO Y EN CUENTO ESTE CASO SE TRATA DE PROPIEDADES Y COOPERATIVAS A LO LARGO Y LO ANCHO DE TODO PUERTO RICO.

El 24 de abril siguiente, la parte recurrida presentó su alegato en oposición. Así, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

---

[9] *Íd.*, a las págs. 216-240.

## II.

**La Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

En lo pertinente al caso de autos, la Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D), establece el término de **cumplimiento estricto** de **30 días** para presentar el recurso de *certiorari* solicitando la revisión de resoluciones u órdenes interlocutorias emitidas por el TPI.

Como es sabido, los términos de cumplimiento estricto, distinto a los términos jurisdiccionales, se pueden prorrogar, pero la parte debe exponer ante los tribunales la justa causa por la cual no puede cumplir dentro del término reglamentario. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). En otras palabras, los tribunales carecen de discreción para extender automáticamente los términos de cumplimiento estricto. *Íd.* La parte que actúa tardíamente debe acreditar las circunstancias específicas que demuestran la justa causa y permiten la extensión del término. *Íd.* Para ello, el Tribunal Supremo ha expresado que no basta con expresiones generales, sino que deben ser explicaciones concretas. *Íd.*; *Berríos Román v. E.L.A.*, 171 DPR 549, 562 (2007).

En conformidad con la referida norma procesal, una vez se presenta una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir al foro apelativo intermedio. Ese término comienza a decursar nuevamente "desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración." Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V. R. 52.2(e)(2).

**La Regla 49.2 de las de Procedimiento Civil**

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece el mecanismo procesal que se tiene disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí dispuestos. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007); *Náter v. Ramos*, 162 DPR 616, 624 (2004). La misma provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. *García Colón et al. v. Sucn. González, supra*; *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977). El peticionario del relevo está obligado a justificar su

solicitud amparándose en una de las causales establecidas en la Regla 49.2, *supra. García Colón et al. v. Sucn. González, supra*; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). De esa manera, se permite al tribunal cumplir con su deber de hacer un análisis de todo el expediente del caso para determinar si se da una de las causales dispuestas en la Regla 49. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 817 (1986). La Regla 49.2, *supra*, dispone, que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Ahora bien, el relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Náter v. Ramos, supra*; *Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 823–824 (1980). Los tribunales tienen el deber de hacer un balance entre dos intereses: el interés de que haya certeza y estabilidad en los procedimientos judiciales, así evitándose demoras innecesarias en el trámite judicial, y el interés de que se haga justicia, resolviéndose el pleito en sus méritos. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003);

*Fine Art Wallpaper v. Wolff*, 102 DPR 451, 457–458 (1974); *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 936–937 (1971).

Aunque la Regla 49.2, *supra*, debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses a balancear. *Piazza Vélez v. Isla del Río, Inc., supra*; *Dávila v. Hosp. San Miguel, Inc., supra*, pág. 818. Es norma hartamente reiterada que la Regla 49.2, *supra*, "**no es una llave maestra para reabrir a capricho el pleito ya adjudicado**". (Énfasis Nuestro). *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974). **El mecanismo de relevo de sentencia no puede ser utilizado en sustitución de los recursos de revisión o reconsideración y tampoco existe para proveer un remedio adicional contra una sentencia erróneamente dictada**. *Náter v. Ramos, supra*, pág. 625; *Olmedo Nazario v. Sueiro Jiménez*, 123 DPR 294, 299 (1989). Una parte no tiene derecho a que su caso adquiera vida eterna en los tribunales, manteniendo a la otra parte en un estado de incertidumbre, pues, la Regla 49.2, *supra*, no se puede utilizar para premiar conducta en perjuicio de los intereses de la otra parte y la buena administración de la justicia. *Dávila v. Hosp. San Miguel, Inc., supra*, págs. 816 y 819. En otras palabras, las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido. *Piazza Vélez v. Isla del Río, Inc., supra*, pág. 449. Asimismo, la reapertura de un caso sin muestra de justa causa constituye un abuso de discreción. *Fine Art Wallpaper v. Wolff, supra*, pág. 458.

Por último, respecto a la aplicabilidad de la Regla 49.2 de Procedimiento Civil, *supra,* sabido es que esta no aplica a determinaciones interlocutorias, sino a determinaciones que concluyan el proceso. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, Sec. 4801, pág. 453.

**III.**

En principio, nos corresponde auscultar si tenemos jurisdicción para atender el presente recurso debido a que, por ser materia privilegiada, debemos atenderla con preferencia sobre cualquier otra cuestión planteada. Esto, aun cuando las partes no lo hayan argumentado o solicitado. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra; *Morán v. Martí,* supra; *Vega et al. v. Telefónica,* supra; *Carattini v. Collazo Syst. Analysis, Inc.*, supra.

Según es sabido, una parte puede acumular varias determinaciones interlocutorias del foro primario en un mismo recurso apelativo, siempre y cuando se presente **oportunamente**. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 321 (2017). De conformidad a nuestro ordenamiento jurídico, **cualquier parte litigante** goza de un término de **treinta (30) días** para solicitar la revisión de órdenes interlocutorias emitidas por el TPI. Dicho término es uno de cumplimiento estricto, y comienza a transcurrir a partir del archivo en autos de copia de la notificación de la determinación.[10]

En el presente caso, la parte peticionaria recurre de dos (2) dictámenes interlocutorios emitidos por el TPI, notificadas el 21 de febrero y el 13 de marzo de 2025. De conformidad al derecho reseñado, la parte peticionaria tenía hasta el 23 de marzo de 2025 –que por ser domingo, se extendía hasta el lunes, 24 de marzo–, para solicitar la revisión correspondiente. No obstante, esta presentó su recurso de *certiorari* el 14 de abril de 2025, luego de los 30 días de cumplimiento estricto para acudir ante nuestra consideración.

Asimismo, en relación con el escrito intitulado *Moción de Relevo sobre Traslado de este Caso* en el que solicita el relevo de las órdenes de traslado, advertimos que nuestra Regla 49.2 de las de

---

[10] Véase, Regla 32 (D) de nuestro Reglamento, *supra,* y la Regla 52.2 de las de Procedimiento Civil*, supra.*

Procedimiento Civil, no aplica a las resoluciones interlocutorias. Sobre este particular, el tratadista Hernández Colón, nos dice que, la Regla 49.2, aplica solo a sentencias, órdenes y procedimientos de carácter final en el proceso, no aplica a sentencias cuya finalidad es indefinida, como en cuestiones relativas a custodia o alimentos, ni tampoco a resoluciones interlocutorias. R. Hernández Colón, *Práctica Jurídica de Puerto Rico,* supra. Además, reiteramos que en este petitorio la parte peticionaria expuso argumentos similares a los incluidos en la reconsideración instada ante el TPI el 20 de diciembre de 2024. Según reseñamos en el derecho precedente, el mecanismo de relevo de sentencia no puede ser utilizado en sustitución de los recursos de revisión o reconsideración.

Por lo tanto, la referida solicitud de relevo resulta inoficiosa para efectos de interrumpir los términos para acudir en revisión ante esta *Curia*. En consecuencia, la resolución que se pretende impugnar, notificada el 13 de marzo de 2025 emitida por el TPI denegando la referida petición, tampoco tiene efecto interruptor alguno.

De otro lado, la parte peticionaria no alega justa causa para la dilación en la presentación oportuna de su recurso. De hecho, en *Soto Pino v. Uno Radio Group, supra,* nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, ***incluso antes de que un tribunal se lo requiera***, si no se observa un término de cumplimiento estricto." (Énfasis en el original y nuestro). *Íd.*, a la pág. 97. Véase, además, *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).

En vista de ello, resulta forzoso concluir que esta no presentó su recurso de manera oportuna con respecto a la *Resolución* notificada el 21 de febrero de 2025, por lo que no tenemos jurisdicción para entrar en sus méritos.

En consecuencia, resulta forzoso colegir que procede la desestimación del auto.

**IV.**

Por los fundamentos antes expuestos, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones
