Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| Luz Enid Díaz Márquez y otros<br><br>*Recurridos*<br><br>v.<br><br>Drugs Unlimited, Inc. y otros<br><br>*Peticionario* | KLCE202201102 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2021CV01676 (401)<br><br>Sobre: Despido Injustificado (Ley Núm. 80 y otros) |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a <u>30</u> de enero de 2023.

Comparece ante nos Discount Generics & Brands, Inc. (Discounts Generics o parte peticionaria), mediante *Petición de Certiorari* y solicitan la revisión de una *Resolución* emitida y notificada el 29 de septiembre de 2022 por el Tribunal de Primera Instancia, Sala de Carolina (TPI o foro primario). Mediante el referido dictamen, el TPI declaró No Ha Lugar la *Solicitud de Relevo de Orden bajo la Regla de Procedimiento Civil 49.2* presentada por la parte peticionaria.

Por los fundamentos que discutiremos a continuación, **denegamos** la expedición del auto de *Certiorari.*

## I.

El 2 de julio de 2021, la señora Luz Enid Díaz Márquez (señora Díaz Márquez), su esposo Carlos A. González Torres y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, parte recurrida) presentaron una *Querella*[1] al amparo del procedimiento

---

[1] Véase, Apéndice de la petición de *Certiorari,* págs. 3-8.

Número Identificador
RES2023_____

sumario reconocido en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2)[2], en contra de Discounts Generics, Drugs Unlimited Inc., y Generic of Puerto Rico Inc. (en conjunto, coquerellados). En esencia, la parte recurrida alegó haber sido despedida de su empleo sin justa causa en violación a la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la *Ley Sobre Despidos Injustificados* (Ley Núm. 80)[3], y discriminada por razón de sexo en violación a la Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como *Ley contra el Discrimen en el Empleo* (Ley Núm. 100)[4].

El 6 de agosto de 2021, la parte recurrida presentó *Moción Solicitando Anotación de Rebeldía y Sentencia Parcial en cuanto a la Ley 80 y Solicitud Vista sobre Daños en cuanto a la Ley 100*[5]. Fundamentó su solicitud de anotación de rebeldía en que, la parte peticionaria no contestó la querella dentro del término establecido por la Ley Núm. 2.

Por su parte, el 6 de agosto de 2021, Discount Generics presentó una *Solicitud de Desestimación*[6], en lo pertinente a la controversia bajo nuestro análisis y evaluación, adujo lo siguiente:

> En este sentido, sostenemos que procede **desestimar** la *Querella* de la querellante con relación a las compañías co-querelladas porque la entidad patrono de la querellante lo fue Drug Unlimited, lo que deja a la señora Díaz Márquez sin presentar una reclamación válida que amerite la concesión de un remedio bajo la Ley Núm. 80 y Ley Núm. 100 con relación a las co-querelladas, 32 LPRA, Ap V, R 10.2 (5)[7].

El 9 de agosto de 2021, el foro primario declaró, No Ha Lugar la solicitud de anotación de rebeldía. No obstante, el 17 de septiembre de 2021, un Panel Hermano emitió *Sentencia* en el caso

---

[2] 32 LPRA sec. 3118 *et seq.*
[3] 29 LPRA sec. 185a *et seq.*
[4] 29 LPRA sec. 146 *et. seq.*
[5] Véase, Apéndice de la petición de *Certiorari*, págs. 34-44.
[6] Véase, Apéndice de la petición de *Certiorari*, págs. 45-64.
[7] *Íd.,* pág. 46.

alfanumérico KLCE202101006, mediante la cual revocó la determinación del TPI y ordenó la anotación de rebeldía, decisión que fue confirmada por nuestro Tribunal Supremo.

El 30 de agosto de 2022, la parte peticionaria presentó ante la consideración del TPI una *Solicitud de Relevo de Orden bajo la Regla de Procedimiento Civil 49.2*[8]. En su escrito arguyó que, durante la toma de deposición a la señora Díaz Márquez, esta admitió bajo juramento, entre otras cosas, que Discount Generics no fue la entidad jurídica que pagó su nómina y la despidió. La parte peticionaria adujo que la señora Díaz Márquez admitió en varias ocasiones que su patrono fue Drugs Unlimited, Inc.

El 21 de septiembre de 2022, notificada el 22 de septiembre de 2022, el TPI emitió una *Resolución* en la que dispuso lo siguiente:

> [E]n el presente caso lo que procede es ver el juicio en su fondo con todas las partes. Es necesario el desfile de prueba sobre la parte que no está en rebeldía y sobre las alegaciones que son esenciales dirimir sobre las causas de acción instadas, pues son determinantes para los remedios que de ser probados procedan en derecho. Esta determinación no modifica lo dispuesto en el caso de autos por el Tribunal de Apelaciones en cuanto a la anotación de rebeldía. La parte que tiene anotada la rebeldía no podrá presentar prueba directa y los procedimientos en cuanto a dicha parte se conducirán conforme ha sido resuelto en <u>Continental Ins. Co. v. Isleta Marina</u>, 106 DPR 809,817 (1978)[9].

Consecuentemente, el 21 de septiembre de 2022, notificada el 22 de septiembre de 2022, el TPI emitió una *Orden* en la cual decretó la conversión del procedimiento sumario bajo la Ley Núm. 2 al procedimiento ordinario. Además, reiteró que dicha determinación no dejaba sin efecto la anotación de rebeldía[10].

Por su parte, el 28 de septiembre de 2022, la señora Díaz Márquez presentó *Moción en Oposición a Solicitud de Relevo de Orden bajo la Regla de Procedimiento Civil 49 (SUMAC #63 y #64) por clara falta de jurisdicción*[11]. Sostuvo que, la parte peticionaria no posee

---

[8] Véase, Apéndice de la petición de *Certiorari*, págs. 162-173.
[9] Véase, Apéndice de la petición de *Certiorari*, págs. 188-190.
[10] Véase, Apéndice de la petición de *Certiorari*, págs. 191-192.
[11] Véase, Apéndice de la petición de *Certiorari*, págs. 193-218.

evidencia que sustente lo reclamado. Además, presentó como prueba de refutación los comprobantes de retención expedidos por Discount Generics [12].

Así las cosas, el 29 de septiembre de 2022, el TPI emitió y notificó una *Resolución*[13] en la cual declaró No Ha Lugar la *Solicitud de Relevo de Orden bajo la Regla de Procedimiento Civil 49.2* presentada por la parte peticionaria. A su vez, indicó que el caso se atenderá conforme se dispuso en la resolución emitida el 21 de septiembre de 2022.

Inconforme, el 11 de octubre de 2022, la parte peticionaria presentó el recurso de *Certiorari* que nos ocupa, en el cual imputa al TPI el siguiente señalamiento de error:

> ERRÓ EL FORO JUDICIAL PRIMARIO AL DENEGAR LA SOLICITUD DE RELEVO PRESENTADA POR LA PARTE CO-QUERELLADA DISCOUNT GENERICS POR LA CAUSAL DE NUEVA EVIDENCIA, A PESAR DE QUE SE DESCUBRIÓ PRUEBA ESENCIAL JURAMENTADA QUE CONFIRMA QUE DISCOUNT GENERICS NO ERA EL PATRONO DE LA QUERELLANTE DURANTE EL PERIODO DE LOS HECHOS ALEGADOS EN LA QUERELLA.

El 14 de noviembre de 2022, la parte recurrida presentó *Oposición a expedición de Certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable a la controversia ante nos.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones[14] de un foro inferior[15]. Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari,* está limitada por la Regla 52.1 de

---

[12] *Íd.,* págs. 215-218.

[13] Véase, Apéndice de la petición de *Certiorari*, págs. 1-2.

[14] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019).

[15] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012).

Procedimiento Civil de Puerto Rico[16], que establece cuáles asuntos interlocutorios serán revisables.

Esta norma procesal faculta nuestra intervención en situaciones determinadas. En específico, dispone que:

> [...]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales[17].

Una vez el tribunal apelativo determina que la resolución interlocutoria es revisable según la Regla 52.1, *supra*, procede su evaluación al amparo de otros parámetros. Así pues, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros[18]. Al ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar[19]. Éstos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[16] 32 LPRA Ap. V, R. 52.1.

[17] Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Véase Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

[18] *Véase Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

[19] 4 LPRA Ap. XXII-B, R. 40.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Este recurso debe ser utilizado con cautela y por razones de peso[20]. Solo procede "cuando no existe un recurso de apelación o cualquier otro recurso ordinario que proteja eficaz y rápidamente los derechos del peticionario", o en aquellos casos en los que la ley no provee un remedio adecuado para corregir el error señalado[21].

Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[22]. Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[23].

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y

---

[20] *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009).
[21] *Íd.*
[22] *Coop. de Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[23] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión"[24].

**-B-**

La Regla 49.2 de Procedimiento Civil[25], provee para relevar a una parte o a su representante legal de una sentencia, orden o procedimiento, si se configura alguna de las causales provistas en la citada Regla. Entre estas, se encuentran el descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de Procedimiento Civil[26], la nulidad de la sentencia, y cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Así pues, la Regla 49.2 de Procedimiento Civil, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses...". Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal[27]. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula[28].

El Tribunal Supremo ha expresado que los criterios inherentes al relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra,* tales como si el peticionario <u>tiene una buena defensa en sus méritos</u>, el tiempo que media entre la sentencia y la solicitud de relevo y el grado de perjuicio que pueda ocasionarle a la otra parte la concesión del relevo de sentencia, son igualmente aplicables

---

[24] 32 LPRA Ap. V, R. 49.2.
[25] *Íd.*
[26] 32 LPRA Ap. V, R. 48.
[27] *García Colón et al. v. Sucn. González,* 178 DPR 527, 543 (2010).
[28] *Náter v. Ramos,* 162 DPR 616, 625 (2004).

cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto. Así pues, al considerarse una moción de relevo de sentencia dictada en rebeldía, debe alcanzarse un fino balance de dar por terminados los pleitos y que estos se resuelvan en sus méritos[29].

Sin embargo, no es necesariamente obligatoria la celebración de una vista por un tribunal cuando una parte invoca la Regla 49.2 de Procedimiento Civil, *supra*. El requerir de la celebración de una vista en todo caso en que se invoque un relevo, sería contraproducente a la norma cardinal procesal de que los litigios deben resolverse de la forma más rápida, económica y justa para las partes. Ello, especialmente si de la faz de la moción resulta evidente la carencia de méritos. En armonía con ello, la celebración de una vista es obligada cuando la parte invoca "razones válidas que requieran la presentación de prueba para sustanciarlas"[30]. Es decir, que el tribunal viene obligado a celebrar una vista solamente en aquellas circunstancias en que la parte promovente del relevo necesita presentar prueba para sustanciar lo alegado en la solicitud, a saber, las razones o fundamentos invocados en apoyo al relevo solicitado[31].

Ahora bien, ello no significa, ni constituye una facultad judicial absoluta, porque a este remedio de reapertura se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, que se eviten demoras innecesarias en el trámite judicial, así como el otro interés de que los pleitos se vean por sus méritos. Por ello a los tribunales, les corresponde establecer un balance adecuado entre tales intereses. No obstante, la Regla 49.2 de Procedimiento Civil, *supra*, debe interpretarse de forma

---

[29] *Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 288, 294 (1988).
[30] *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977).
[31] *Íd.*; *Southern Construction Co. v. Tribunal Superior*, 87 DPR 903, 905-906 (1963), jurisprudencia interpretativa bajo las anteriores Reglas de Procedimiento Civil de 1979.

liberal, pero no significa que se le debe dar atención desmedida a uno de los dos intereses sobre el otro interés, ya que la decisión requiere de un balance judicial debidamente ponderado[32].

También, en casos en donde se dicta sentencia en rebeldía o por incomparecencia de la parte promovente del relevo, se debe alegar, y en su día, demostrar que se tiene una defensa válida que oponer a la reclamación de la otra parte litigante que justifique una medida, tan crucial, como la reapertura del pleito[33]. También es necesario que el promovente de la solicitud haya sido diligente en la tramitación del caso[34].

Por último, es importante destacar que se ha resuelto por el Tribunal Supremo en Opinión *Per Curiam* que el remedio de reapertura, cuando las razones son insubstanciales e inaceptables, "no es llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada[35]."

### III.

En síntesis, la parte peticionaria sostiene que erró el foro primario al declarar No Ha Lugar la solicitud de relevo de la anotación de rebeldía, basada en la Regla 49.2 de las de Procedimiento Civil, *supra.* Arguye que presentó prueba nueva, la cual comprueba más allá de toda duda que no existía una relación laboral entre la señora Díaz Márquez y Discount Generics durante el período de tiempo que abarcan los hechos alegados en la querella. Ante ello, razona que, la anotación de rebeldía bajo los términos de la Ley Núm. 2 es nula.

La parte recurrida alega que la solicitud de relevo de la anotación de rebeldía, basada en la Regla 49.2 de las de Procedimiento Civil, *supra,* presentada por la parte peticionaria es

---

[32] *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 818 (1986).
[33] *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294, 300 (1989); *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 457-459 (1974).
[34] *Neptune Packing Corp. v. Wackenhut Corp.,* supra, pág. 292.
[35] *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).

contraria al derecho laboral. En específico, adujo que nuestro ordenamiento jurídico requiere que el relevo se presente sesenta (60) días luego de la notificación de la sentencia. Por otro lado, argumentó que el mecanismo de relevo de sentencia está disponible en casos de error, inadvertencia, sorpresa, excusable negligencia y fraude, pero ninguno de estos factores fue probado por la parte peticionaria y, por último, sostiene que la moción adolece de juramento y los motivos jurídicos en que se funda.

Mediante la resolución recurrida, el TPI declaró No Ha Lugar la *Solicitud de Relevo de Orden bajo la Regla de Procedimiento Civil 49.2* presentada por la parte peticionaria. A su vez, indicó que el caso se atenderá conforme a la *Resolución* emitida el 21 de septiembre de 2022, en la cual se dispuso que en el presente caso procede ver el juicio en su fondo con todas las partes. Además, el foro primario reiteró que la parte que tiene anotada la rebeldía no podrá presentar prueba directa y los procedimientos en cuanto a dicha parte se conducirán conforme a lo resuelto en *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 817 (1978)[36].

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción. Sin embargo, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional. Evaluado el recurso de *certiorari* aquí presentado junto a la *Resolución* recurrida, bajo los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* somos del criterio que debemos denegar la expedición del auto de *certiorari* en esta etapa de los procedimientos.

---

[36] Véase, Apéndice de la petición de *Certiorari*, págs. 188-190.

**IV.**

Por los fundamentos expuestos, **denegamos** el recurso de *Certiorari* solicitado por la parte peticionaria.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
