ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, POR SÍ Y EN REPRESENTACIÓN DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Peticionario<br><br><br>v.<br><br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Recurrido | KLCE202301078 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.: BY2019CV05160<br><br>Sobre: Incumplimiento de Contrato de Seguros- Incumplimiento Aseguradoras Huracanes Irma/María |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Brignoni Mártir y el Juez Ronda del Toro

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece el Estado Libre Asociado de Puerto Rico, por sí y en representación del Departamento de Corrección y Rehabilitación, en adelante el ELA o el peticionario, y solicita que revoquemos una determinación del Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI, mediante la cual se declaró No Ha Lugar una solicitud de aseguramiento de sentencia.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *Certiorari.*

-I-

En lo aquí pertinente, el peticionario presentó una *Demanda Enmendada* contra su aseguradora MAPFRE PRAICO Insurance Company, en adelante MAPFRE o la

Número Identificador

RES2023_____

recurrida, sobre el incumplimiento de la póliza de seguro y la reclamación de daños relacionados al paso del huracán María. En síntesis, incluyó las siguientes tres causas de acción: (1) sentencia declaratoria, (2) incumplimiento de contrato y (3) dolo en la ejecución del contrato.[1]

Oportunamente, en la *Contestación a Demanda Enmendada y Reconvención*, la recurrida negó el incumplimiento de sus deberes suscritos en el contrato de seguro y alegó falsas representaciones, sobreestimaciones de daños, solicitudes de daños preexistentes o inexistentes y ocultaciones de información por parte del ELA.[2]

Luego de varios trámites procesales, el peticionario presentó una *Moción Solicitando Medidas en Aseguramiento de Sentencia* en la que pide el remedio provisional de embargo. Mediante la misma alude a la evaluación de la póliza y ajuste realizado por la *Federal Emergency Management Agency*, en adelante FEMA, sobre la partida de $103,974,426.20 a ser cubierta por MAPFRE.[3]

A su vez, el recurrido presentó su *Oposición a Moción Solicitando Medidas en Aseguramiento de Sentencia*[4] en la que sostiene que el ELA incumplió con el estándar aplicable de la Regla 56.1 Procedimiento Civil[5] e intenta probar la teoría de su caso fuera del juicio en su fondo.

---

[1] Apéndice del peticionario, Anejo II, págs. 20-41.
[2] *Id.*, Anejo III, págs. 42-101.
[3] *Id.*, Anejo X, págs. 205-229.
[4] *Id.*, Anejo XVI, págs. 1499-1518.
[5] 32 LPRA Ap. V (2010).

Por otro lado, en la *Réplica a Oposición a Solicitud de Medidas en Aseguramiento de Sentencia*, el peticionario reitera sus argumentos. Además, fundamenta la necesidad de obtener un aseguramiento de sentencia con una Certificación de la Oficina del Comisionado de Seguros que refleja que el total de capital y sobrante de MAPFRE asciende a $184,236,110.[6]

Finalmente, el foro recurrido emitió una *Resolución* denegando de plano la *Moción Solicitando Medidas en Aseguramiento de Sentencia.* En dicha ocasión hizo constar lo siguiente: "No Ha Lugar a la solicitud en aseguramiento de Sentencia de la parte demandante." [7]

Inconforme, el ELA presentó un escrito intitulado *Certiorari* en el que invoca la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud sobre medidas en aseguramiento sin la previa celebración de una vista, en contravención a lo dispuesto en la Regla 56.1 de las de Procedimiento Civil y su jurisprudencia.

Luego de examinar los escritos de ambas partes y los documentos que los acompañan, estamos en posición de resolver.

**-II-**

**A.**

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

---

[6] *Id.*, Anejo XVIII, págs. 1521-1531.
[7] *Id.*, Anejo XIX, págs. 1534.

El recurso de *Certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. […].[8]

**B.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *Certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[9] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *Certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[10]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Sobre el particular dispone:

---

[8] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[9] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[10] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *Certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

## c.

Nuestro ordenamiento jurídico faculta a un tribunal, a solicitud de parte, a emitir órdenes provisionales antes o después de dictar sentencia con el propósito de garantizar la efectividad de la misma.[12] En múltiples situaciones, no utilizar este mecanismo llevaría al [demandante] a obtener una sentencia que no puede ejecutar o realizar.[13] Para evitar este resultado, el demandante podrá solicitar el remedio provisional que entienda necesario para asegurar la ejecución de la sentencia.[14] No obstante, el tribunal tiene amplia

---

[11] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[12] *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 487 (2019); *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 12-13 (2016); *Nieves Díaz v. González Massas*, 178 DPR 820, 839 (2010). Véase, además, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed. Tomo V, Publicaciones JTS, 2011, pág. 1576; R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., Lexis Nexis, 2017, pág. 186.
[13] J.A. Cuevas Segarra, *op. cit.*, pág. 1576.
[14] *Scotiabank v. ZAF Corp. et al.*, *supra*, pág. 488; *Nieves Díaz v. González Massas*, *supra*.

discreción para conceder o denegar el remedio provisional solicitado.[15]

Específicamente, la Regla 56.1 de Procedimiento Civil dispone en lo pertinente que "[e]l tribunal podrá conceder […] una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquiera otra medida que estime apropiada según las circunstancias del caso".[16] Esta orden se dicta con el propósito de que la parte contra la cual se solicita el aseguramiento haga o desista de hacer cualesquier actos específicos que resulten necesarios requerir o prohibir para que la sentencia sea efectiva en su día y pueda hacerse justicia en el caso.[17]

Ahora bien, la concesión de estas medidas requiere que el foro sentenciador, en el ejercicio de su discreción, considere los siguientes factores, a saber: si el remedio es provisional; si tiene el propósito de asegurar la efectividad de una sentencia; y si toma en cuenta los intereses de todas las partes, según lo requiere la justicia sustancial.[18] Su determinación debe estar dirigida a conceder la opción que mejor asegure la reclamación del acreedor y la que menos inconvenientes ocasione al deudor.[19]

Para terminar, la Regla 56.2 de las de Procedimiento Civil provee para que no se conceda un remedio provisional sin notificar a la parte adversa y sin celebrar vista.[20] El propósito de la vista de remedio provisional es atender un incidente dentro de

---

[15] *Id.*
[16] Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1.
[17] R. Hernández Colón, *op. cit.,* pág. 193.
[18] *Scotiabank v. ZAF Corp. et al.,* *supra*; *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Nieves Díaz v. González Massas*, *supra*.
[19] *Scotiabank v. ZAF Corp. et al.,* *supra*, pág. 489.
[20] 32 LPRA Ap. V, R. 56.2.

un pleito, conforme a los intereses de las partes y a los hechos del caso. Al celebrar la vista, le corresponde al tribunal hacer un balance entre los intereses del peticionario y el daño que una orden de este tipo puede causarle a la parte que la sufre.[21]

## D.

Reiteradamente, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha enfatizado que, de ordinario, se respetan las medidas procesales que los jueces toman en el ejercicio prudente de su discreción para dirigir y conducir los procedimientos que ante ellos se siguen. Los jueces del Tribunal de Primera Instancia gozan de amplia discreción para gobernar esos procedimientos.[22] Además, los Tribunales de Primera Instancia poseen amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia, y están llamados a intervenir activamente para manejar los procesos y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos.[23]

Asimismo, el TSPR ha resuelto que "los Tribunales Apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del Tribunal de Instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de

---

[21] *Asoc. Vec. v. Caparra v. Asoc. Fom. Educ.*, 173 DPR 305, 313 (2008).
[22] *Lluch v. España Service Sta.*, 117 DPR 729 (1986); *Fine Art Wallpaper v. Wolf*, 102 DPR 451 (1974).
[23] *Vives Vázquez v. ELA*, 142 DPR 117 (1996); *Vellón v. Squibb Mfg., Inc.*, 117 DPR 838 (1986).

discreción."[24] Ello está predicado en la premisa de que el foro apelativo no puede pretender administrar ni manejar el trámite regular de los casos ante el TPI. No hay duda de que ese es el foro que mejor conoce las interioridades del caso y quien está en mejor posición para tomar las medidas que permitan el adecuado curso del caso hacia su final disposición.

-III-

En síntesis, el peticionario alega que tiene una reclamación válida contra MAPFRE con altas probabilidades de prevalecer bajo los siguientes supuestos: (1) la evaluación de la Póliza y el ajuste realizado por FEMA refleja un aporte $103,974,426.20 a ser cubiertos por MAPFRE para atender el impacto del huracán María en las distintas propiedades aseguradas; y (2) la Certificación de la Oficina del Comisionado de Seguros revela que el activo de MAPFRE es de $184,263,110, menor a la cantidad que entiende es acreedor. Por lo cual, sostiene que procede el remedio provisional de embargo por la evidente incapacidad económica de la recurrida para satisfacer su eventual acreencia.

En cambio, la recurrida afirma que la solidez y capacidad de MAPFRE para cumplir con sus obligaciones no ha sido impugnada. Además, establece que el peticionario: (1) pretende adelantar su teoría del caso al solicitar el remedio provisional de embargo; y (2) no estableció qué circunstancias podrían menoscabar o arriesgar el cobro de la sentencia. Finalmente, alega que nuestro ordenamiento no requiere la celebración de

---

[24] *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000).

una vista, salvo que sea con el fin de posiblemente conceder, modificar y/o anular un remedio provisional. Es decir, sostiene que, si se deniega de plano el remedio y no se afectan derechos del deudor, se hace innecesaria la vista.

Debido a que se recurre de una resolución que deniega una solicitud de remedio al amparo de la Regla 56 de Procedimiento Civil, *supra*, tenemos facultad para atender el recurso discrecional ante nuestra consideración.

Sin embargo, luego de revisar los escritos de las partes y los documentos que obran en autos, resolvemos que ni el remedio ni la disposición recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*. Además, la etapa en la que se presenta el recurso no es la más propicia para su consideración. Regla 40 (E) del Reglamento del Tribunal de Apelaciones, *supra*.

Como si lo anterior fuera poco, no se configura ninguna de las circunstancias que justifican la expedición del auto bajo cualquier otro de los fundamentos de la Regla 40 de nuestro Reglamento.

Para terminar, debemos destacar que está ante nuestra consideración una determinación del TPI sobre el manejo del caso ante su atención, que a todas luces es razonable. A base de las normas previamente expuestas, la misma merece la deferencia de este foro apelativo.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones