ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LIZABETH ADÁN PUENTES, KAREN DE LOS MILAGROS ADÁN PUENTES Y OTROS<br><br>Peticionarios<br><br>v.<br><br>EX - PARTE | **KLCE202401192** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2021CV01868<br><br>Sobre: Administración Judicial |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Jueza Martínez Cordero.[1]

Bonilla Ortiz, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 31 de octubre de 2024.

Comparece ante este foro la Sra. Jennifer E. Adán Fuentes (señora Adán o "la peticionaria") y solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 18 de octubre de 2024. Mediante el referido dictamen, el foro primario denegó una moción de suspensión y transferencia de vista presentada por la peticionaria.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari*.

**I.**

Según surge del expediente, el 23 de julio de 2021, las señoras Lizabeth Adán Puentes y Karen Adán Puentes presentaron una *Petición de Administración Judicial* con relación a los caudales hereditarios de sus progenitores, el Sr. Rodolfo Adán Argilagos y la Sra. Cecilia Puentes Sosa. El 1 de noviembre de 2021,

---

[1] En virtud de la Orden Administrativa OATA-2023-159, se designa la Hon. Martínez Cordero.

Número Identificador
RES2024 _____

presentaron una *Petición de Administración Judicial Enmendada*.[2]

El 30 de noviembre de 2023, la Sra. Odette Adán Álvarez presentó su *Contestación a "Petición de Administración Judicial Enmendada"*.[3] Por su parte, el 28 de diciembre de 2021, la Sra. Jennifer E. Adán Puentes presentó su *Moción en Cumplimiento de Orden y en Contestación de Petición Enmendada*.[4]

Luego de varias incidencias procesales, el 3 de septiembre de 2024, el foro primario notificó una *Orden*, mediante la cual convocó a las partes a una vista presencial sobre el estado de los procedimientos para el 1 de octubre de 2024, a la 1:30PM.[5]

No obstante, el 30 de septiembre de 2024, el foro *a quo* emitió una *Orden*, donde expresó que por razones imprevistas dejaba sin efecto la vista, y la transfería para el 7 de noviembre de 2024.[6]

El 15 de octubre de 2024, la peticionaria presentó una *Moción de Suspensión y Transferencia de Vista*.[7] En esta, indicó que la nueva fecha señalada para la vista presencial confligía con el calendario de los abogados. Por lo cual, solicitó la transferencia de la vista para una de las fechas hábiles que presentaron.

El 18 de octubre de 2024, el foro primario notificó una *Orden*,[8] en la cual dispuso lo siguiente:

> No ha lugar en este momento, el pleito de autos por disposición legal es un caso prioritario de resolución por tener más de

---

[2] *Petición de Administración Judicial Enmendada*, págs. 1-19 del apéndice del recurso.
[3] *Contestación a "Petición de Administración Judicial Enmendada"*, págs. 81-84 del apéndice del recurso.
[4] *Moción en Cumplimiento de Orden y en Contestación de Petición Enmendada*, págs. 85-89 del apéndice del recurso.
[5] *Orden*, pág. 134 del apéndice del recurso.
[6] *Orden*, págs. 135-136 del apéndice del recurso.
[7] *Moción de Suspensión y Transferencia de Vista*, págs. 137-138 del apéndice del recurso.
[8] *Orden*, págs. 139-138 del apéndice del recurso.

2 años de trámite judicial. Los casos mencionados que generan el conflicto de calendario son mas recientes. Hagan las gestiones para suspender dichos señalamientos en esos casos.

Inconforme el 30 de octubre de 2024, la peticionaria presentó el recurso de epígrafe. Mediante este, sostuvo que el foro primario cometió los siguientes errores:

El Tribunal de Primera Instancia erró e incurrió en abuso de discreción al denegar la moción de suspensión o transferencia de vista por motivo de conflicto en el calendario:

(1) basándose en que los señalamientos previos de mayor antigüedad en el calendario de los abogados son los que genera el conflicto en calendario, no así el señalamiento posterior cuya suspensión se solicita,

(2) al conceder gran peso y valor a la fecha de radicación de los dos casos con señalamientos previos, lo cual es irrelevante e inmaterial y no forma parte de los criterios establecidos en Fine Art Wall Paper v. Wolff, 102 DPR 451 (1974), y

(3) al ordenar a los abogados de la parte peticionaria a solicitar la suspensión de los señalamientos previos de otros casos.

En la misma fecha, la señora Adán presentó *Urgente Solicitud de Orden de Auxilio de Jurisdicción*. Mediante la cual, solicitó la paralización de los procedimientos ante el foro primario.

Con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7. En consecuencia,

declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición.

## II.

El recurso de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012). Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción. *García v. Asociación*, 165 DPR 311, 321 (2005).

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —vía *certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]. Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de certiorari:

> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> De ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los

derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso. *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 434-435 (2018).

## III.

En el caso de autos, la peticionaria alega que erró el foro primario al denegar su solicitud de transferencia o suspensión de vista, por motivo de conflicto en el calendario. Sostiene que, cumplió con todos los requisitos para solicitar la suspensión o transferencia. A su vez, que la negativa del foro primario dejaría en un estado de indefensión a la peticionaria, al no tener representación legal el día de la vista, siendo un fracaso a la justicia.

No obstante, luego de evaluar el recurso de *certiorari*, a la luz de la totalidad del expediente y en consideración a los criterios que emanan de nuestra Regla 40, *supra*, resolvemos denegar el auto discrecional solicitado. La determinación recurrida trata de un asunto que recae en la total discreción del foro primario como parte del manejo de caso ante su consideración.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** el recurso de *certiorari* y declaramos **NO HA LUGAR** a la *Urgente Solicitud de Orden en Auxilio de Jurisdicción*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones